**BRIAN T. DUNN, ESQ. (SBN 176502)**
**MEGAN R. GYONGYOS, ESQ. (SBN 285476)**
**THE COCHRAN FIRM CALIFORNIA**
4929 Wilshire Boulevard, Suite 1010
Los Angeles, California 90010
Telephone: (323) 435-8205
Facsimile: (323) 282-5280
bdunn@cochranfirm.com
mgyongyos@cochranfirm.com

Attorneys for Plaintiff JUAN CARRILLO

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

JUAN CARRILLO, an individual,

      Plaintiff,

      vs.

CITY OF LOS ANGELES, a
municipal entity, DETECTIVE
GUERRERO #25211, an individual,
DETECTIVE BUCKNELL #35961,
an individual, OFFICER MIRANDA
#39874, an individual, and DOES 1
through 10, inclusive,

      Defendants.

**CASE NO.: 2:15-CV-05896**

**COMPLAINT FOR DAMAGES**

1.    **Violations of Civil Rights (42
U.S.C. § 1983) (Based on
Unreasonable Use of Force)**

2.    **Battery (Cal. Government
Code §§ 815.2(a), 820(a); Cal.
Civil Code § 43)**

3.    **Negligence (Cal. Government
Code §§ 815.2(a), 820(a))**

**<u>DEMAND FOR JURY TRIAL</u>**

## JURISDICTION AND VENUE

1.     Jurisdiction is vested in this court under 28 U.S.C. § 1343(3)-(4) for violations of the 1871 Civil Rights Enforcement Act, as amended, including 42 U.S.C. § 1983 and 28 U.S.C. § 1331.

2.     Venue is proper in the Central District of California under 28 U.S.C. § 1391(a)-(b).

## PARTIES

3.     Plaintiff JUAN CARRILLO is, and at all relevant times herein was, a resident of the County of Los Angeles, State of California.

4.     Defendant CITY OF LOS ANGELES (hereinafter "CITY") is, and at all relevant times herein was, a municipal corporation or political subdivision of the United States, organized and existing under the laws of the State of California.

5.     Plaintiff is informed, believes, and thereon alleges that Defendant DETECTIVE GUERRERO #25211 is, and at all relevant times mentioned herein was, a resident of the County of Los Angeles and State of California. Further, at all times relevant to the acts and omissions herein alleged, DETECTIVE GUERRERO #25211 was a police officer employed by the Defendant CITY and the Los Angeles Police Department, and was acting under color of law and within the course and scope of his employment with the CITY and the LAPD.

6.     Plaintiff is informed, believes, and thereon alleges that Defendant DETECTIVE BUCKNELL #35961 is, and at all relevant times mentioned herein was, a resident of the County of Los Angeles and State of California. Further, at all times relevant to the acts and omissions herein alleged, DETECTIVE BUCKNELL #35961 was a police officer employed by the Defendant CITY and the Los Angeles Police Department, and was acting under color of law and within the course and scope of his employment with the CITY and the LAPD.

7.     Plaintiff is informed, believes, and thereon alleges that Defendant OFFICER MIRANDA #39874 is, and at all relevant times mentioned herein was, a resident of the County of Los Angeles and State of California. Further, at all times relevant to the acts and omissions herein alleged, OFFICER MIRANDA #39874

was a police officer employed by the Defendant CITY and the Los Angeles Police Department, and was acting under color of law and within the course and scope of his employment with the CITY and the LAPD.

8.      Plaintiff is unaware of the true names and capacities of those Defendants named herein as DOE Defendants. Plaintiff will amend this Complaint to allege said Defendants' true names and capacities when that information becomes known to him. Plaintiff is informed, believes, and thereon alleges that these DOE Defendants are legally responsible and liable for the incident, injuries, and damages hereinafter set forth, and that each of said Defendants proximately caused the injuries and damages by reason of negligent, careless, deliberately indifferent, intentional, willful, or wanton misconduct, including the negligent, careless, deliberately indifferent, intentional, willful, or wanton misconduct in creating and otherwise causing the incidents, conditions, and circumstances hereinafter set forth, or by reason of direct or imputed negligence or vicarious fault or breach of duty arising out of the matters herein alleged. Plaintiff will seek leave to amend this Complaint to set forth said true names and identities of the unknown named DOE Defendants when they are ascertained.

9.      Each of the individual Defendants sued herein is sued both in his individual and personal capacity, as well as in his official capacity.

10.      Plaintiff is informed, believes, and thereon alleges that at all times herein mentioned, each of the Defendants was the agent and/or employee and/or co-conspirator of each of the remaining Defendants, and in doing the things hereinafter alleged, was acting within the scope of such agency, employment, and/or conspiracy and with the permission and consent of other co-Defendants.

## FACTS COMMON TO ALL COUNTS

11.      This Complaint concerns an incident which occurred during the afternoon hours of Tuesday, July 8, 2014, at or around 11741 Glenoaks Boulevard, in the City of Los Angeles and State of California. At approximately 4:00 p.m. on that date, Plaintiff JUAN CARRILLO was lawfully on the premises of his residence at 11741 Glenoaks Boulevard when Defendant DETECTIVE

GUERRERO #25211, Defendant DETECTIVE BUCKNELL #35961, and Defendant OFFICER MIRANDA #39874, while acting under color of law and in the course and scope of their employment with the Defendant CITY and the Los Angeles Police Department, negligently assessed the circumstances presented to them and unjustifiably stopped and detained MR. CARRILLO without having probable cause or reasonable suspicion to believe that MR. CARRILLO had committed any crime, or would commit a crime in the future. When Defendant DETECTIVE GUERRERO #25211, Defendant DETECTIVE BUCKNELL #35961, and Defendant OFFICER MIRANDA #39874 first made contact with JUAN CARRILLO, MR. CARRILLO was lawfully on the premises of his residence at 11741 Glenoaks Boulevard, had committed no criminal offense, and was not armed with any kind of weapon.

12.    Without warning, DETECTIVE GUERRERO #25211, DETECTIVE BUCKNELL #35961, and OFFICER MIRANDA #39874 proceeded to unjustifiably assault and batter Plaintiff JUAN CARRILLO by acts which included, but were not limited to, pulling MR. CARRILLO by his arm, slamming MR. CARRILLO down on the ground, placing their knees on MR. CARRILLO'S torso and using their hands to smash MR. CARRILLO'S head into the ground, violently punching MR. CARRILLO in his face and around his head, applying excessive physical force to MR. CARRILLO'S right arm, and kneeing him in the ribs, amongst other acts. Throughout the time in which he was assaulted and battered by DETECTIVE GUERRERO #25211, DETECTIVE BUCKNELL #35961, and OFFICER MIRANDA #39874, JUAN CARRILLO had committed no criminal offense, was not legally detained, was not resisting the involved officers, was not engaged in any actions which would have led a reasonable police officer to believe that he had committed, or was about to commit, any criminal offense, and did not undertake any actions which would have led a reasonable police officer to believe that he posed the risk of violence to any person.

13.    At no time during the course of these events did Plaintiff JUAN CARRILLO pose any reasonable or credible threat of violence to DETECTIVE

GUERRERO #25211, DETECTIVE BUCKNELL #35961, and OFFICER MIRANDA #39874, nor did he do anything to justify the force used against him, and the same was excessive, unnecessary, and unlawful. Both prior to and during the time in which he was unlawfully stopped, detained, seized, and brutally assaulted and battered, JUAN CARRILLO was not armed with any kind of weapon, and posed no risk of violence to any police officer, nor to any other individual. Both prior to and during the time in which he was unlawfully stopped, detained, seized, and assaulted and battered, JUAN CARRILLO had committed no criminal offense, was not resisting arrest or obstructing the Defendant Officers in the performance of their duties, and made no aggressive movements, no furtive gestures, and no physical movements which would suggest to a reasonable police officer that he had the will, or the ability to inflict bodily harm against any individual. Both prior to and during the time in which he was unlawfully stopped, detained, seized, and assaulted and battered, JUAN CARRILLO undertook no actions which would suggest to a reasonable police officer that he had committed, or was about to commit, any criminal offense, nor did he undertake any physical movements which would suggest to a reasonable police officer that he was armed with any kind of weapon, or had the will, or the ability to inflict bodily harm against any individual.

## FOR THE FIRST CAUSE OF ACTION

**(By Plaintiff JUAN CARRILLO Against Defendant DETECTIVE GUERRERO #25211, Defendant DETECTIVE BUCKNELL #35961, and Defendant OFFICER MIRANDA #39874 for Violations of Civil Rights [42 U.S.C. § 1983])**

**(Based on Unreasonable Use of Force)**

14.     Plaintiff restates and incorporates by reference the foregoing paragraphs of this Complaint as if set forth in full at this point.

15.     This cause of action is set forth herein to redress the deprivation, under color of statute, ordinance, regulation, policy, custom, practice, and/or usage, of rights, privileges, and/or immunities secured to Plaintiff JUAN

COMPLAINT FOR DAMAGES

CARRILLO by the Fourth Amendment to the Constitution of the United States, including, but not limited to, the right to be free from unreasonable governmental seizures of his person.

16.     Plaintiff is informed, believes, and thereupon alleges, that at all times mentioned herein, the Defendant CITY employed the individual Defendants named herein, including Defendant DETECTIVE GUERRERO #25211, Defendant DETECTIVE BUCKNELL #35961, and Defendant OFFICER MIRANDA #39874.  The CITY provided its individual Defendant employees and agents, including DETECTIVE GUERRERO #25211, DETECTIVE BUCKNELL #35961, and OFFICER MIRANDA #39874, with official badges and identification cards which designated and described the bearers as employees of the CITY and the Los Angeles Police Department.

17.     Plaintiff is informed, believes, and thereon alleges, that at all times relevant to the acts and omissions herein alleged, Defendant DETECTIVE GUERRERO #25211, Defendant DETECTIVE BUCKNELL #35961, and Defendant OFFICER MIRANDA #39874 were employed by the Defendant CITY and the Los Angeles Police Department, and were acting under color of law and in the course and scope of their employment with the CITY and the Los Angeles Police Department.

18.     At approximately 4:00 p.m. on Tuesday, July 8, 2014, Plaintiff JUAN CARRILLO was lawfully on the premises of his residence at 11741 Glenoaks Boulevard when Defendant DETECTIVE GUERRERO #25211, Defendant DETECTIVE BUCKNELL #35961, and Defendant OFFICER MIRANDA #39874, while acting under color of law and in the course and scope of their employment with the Defendant CITY and the Los Angeles Police Department, unjustifiably stopped and detained MR. CARRILLO without having probable cause or reasonable suspicion to believe that MR. CARRILLO had committed any crime, or would commit a crime in the future. When Defendant DETECTIVE GUERRERO #25211, Defendant DETECTIVE BUCKNELL #35961, and Defendant OFFICER MIRANDA #39874 first made contact with JUAN

COMPLAINT FOR DAMAGES

CARRILLO, MR. CARRILLO was lawfully on the premises of his residence at 11741 Glenoaks Boulevard, had committed no criminal offense, and was not armed with any kind of weapon.

19.     Without warning, DETECTIVE GUERRERO #25211, DETECTIVE BUCKNELL #35961, and OFFICER MIRANDA #39874 proceeded to unjustifiably assault and batter Plaintiff JUAN CARRILLO by acts which included, but were not limited to, pulling MR. CARRILLO by his arm, slamming MR. CARRILLO down on the ground, placing their knees on MR. CARRILLO'S torso and using their hands to smash MR. CARRILLO'S head into the ground, violently punching MR. CARRILLO in his face and around his head, applying excessive physical force to MR. CARRILLO'S right arm, and kneeing him in the ribs, amongst other acts. Throughout the time in which he was assaulted and battered by DETECTIVE GUERRERO #25211, DETECTIVE BUCKNELL #35961, and OFFICER MIRANDA #39874, JUAN CARRILLO had committed no criminal offense, was not legally detained, was not resisting the involved officers, was not engaged in any actions which would have led a reasonable police officer to believe that he had committed, or was about to commit, any criminal offense, and did not undertake any actions which would have led a reasonable police officer to believe that he posed the risk of violence to any person.

20.     At no time during the course of these events did Plaintiff JUAN CARRILLO pose any reasonable or credible threat of violence to  DETECTIVE GUERRERO #25211, DETECTIVE BUCKNELL #35961, and OFFICER MIRANDA #39874, nor did he do anything to justify the force used against him, and the same was excessive, unnecessary, and unlawful. Both prior to and during the time in which he was unlawfully stopped, detained, seized, and brutally assaulted and battered, JUAN CARRILLO was not armed with any kind of weapon, and posed no risk of violence to any police officer, nor to any other individual. Both prior to and during the time in which he was unlawfully stopped, detained, seized, and assaulted and battered, JUAN CARRILLO had committed no criminal offense, was not resisting arrest or obstructing the Defendant Officers in

the performance of their duties, and made no aggressive movements, no furtive gestures, and no physical movements which would suggest to a reasonable police officer that he had the will, or the ability to inflict bodily harm against any individual. Both prior to and during the time in which he was unlawfully stopped, detained, seized, and assaulted and battered, JUAN CARRILLO undertook no actions which would suggest to a reasonable police officer that he had committed, or was about to commit, any criminal offense, nor did he undertake any physical movements which would suggest to a reasonable police officer that he was armed with any kind of weapon, or had the will, or the ability to inflict bodily harm against any individual.

21.     At all times mentioned herein, Defendant DETECTIVE GUERRERO #25211, Defendant DETECTIVE BUCKNELL #35961, and Defendant OFFICER MIRANDA #39874 acted under color and pretense of law, and under color of the statutes, ordinances, regulations, policies, practices, customs, and/or usages of the State of California and the Defendant CITY. DETECTIVE GUERRERO #25211, DETECTIVE BUCKNELL #35961, and OFFICER MIRANDA #39874 deprived Plaintiff JUAN CARRILLO of the rights, privileges, and immunities secured to him by the Fourth Amendment to the Constitution of the United States and the laws of the United States, including, but not limited to, the right to be free from unreasonable governmental seizures of his person.

22.     Plaintiff JUAN CARRILLO had the right to be free from unreasonable governmental seizures of his person, a right which was secured to JUAN CARRILLO by the provisions of the Fourth Amendment to the United States Constitution, and by 42 U.S.C. § 1983. All of these interests were implicated by the wrongful conduct of Defendant DETECTIVE GUERRERO #25211, Defendant DETECTIVE BUCKNELL #35961, and Defendant OFFICER MIRANDA #39874, which proximately caused severe injuries to JUAN CARRILLO, including, but not limited to, severe facial injuries, a fractured orbital socket, blurry vision, nasal fracture, severe injury to his knee, and severely bruised ribs.

23.     Plaintiff JUAN CARRILLO is informed, believes, and thereupon alleges, that in unreasonably seizing his person, as described in the foregoing paragraphs of this Complaint, Defendant DETECTIVE GUERRERO #25211, Defendant DETECTIVE BUCKNELL #35961, and Defendant OFFICER MIRANDA #39874 acted outside the scope of their jurisdiction and without authorization of law, and acted willfully, maliciously, knowingly, with reckless disregard and callous indifference to the known consequences of their acts and omissions, and purposefully with the intent to deprive JUAN CARRILLO of his federally protected rights and privileges, and did in fact violate the aforementioned rights and privileges, thereby warranting punitive and exemplary damages against DETECTIVE GUERRERO #25211, DETECTIVE BUCKNELL #35961, and OFFICER MIRANDA #39874 in an amount to be proven at the trial of this matter.

24.     As a direct and proximate result of the wrongful, intentional, and malicious acts and omissions of Defendant DETECTIVE GUERRERO #25211, Defendant DETECTIVE BUCKNELL #35961, and Defendant OFFICER MIRANDA #39874, Plaintiff JUAN CARRILLO was placed in great fear for his life and physical well being, and has suffered and continues to suffer extreme mental and physical pain, suffering, anguish, fright, nervousness, anxiety, grief, shock, humiliation, indignity, embarrassment, and apprehension, all to his damage in a sum to be determined at trial. As a further direct and proximate result of the wrongful, intentional, and malicious acts and omissions of  DETECTIVE GUERRERO #25211, DETECTIVE BUCKNELL #35961, and OFFICER MIRANDA #39874, JUAN CARRILLO was brutally assaulted and battered on July 8, 2014, and suffered severe injuries which include, but are not limited to, severe facial injuries, a fractured orbital socket, blurry vision, nasal fracture, severe injury to his knee, and severely bruised ribs. As a further proximate result of DETECTIVE GUERRERO #25211, DETECTIVE BUCKNELL #35961, and OFFICER MIRANDA #39874'S wrongful, intentional, and malicious acts and omissions, JUAN CARRILLO has been required to employ, and did in fact employ, physicians and surgeons to examine, treat, and care for him, and has

incurred and continues to incur expenses for emergent medical services and other medical treatment and care in an amount according to proof at trial.

25.     Plaintiff JUAN CARRILLO is entitled to and hereby demands costs, attorneys' fees, and expenses pursuant to 42 U.S.C. § 1988.

## FOR THE SECOND CAUSE OF ACTION

### (By Plaintiff JUAN CARRILLO Against All Defendants for Battery [Cal. Gov't Code §§ 815.2(a), 820(a); Cal. Civ. Code § 43])

26.     Plaintiff restates and incorporates by reference the foregoing paragraphs of this Complaint as if set forth in full at this point.

27.     All claims asserted herein against the Defendant CITY are presented pursuant to the CITY'S vicarious liability for acts and omissions of municipal employees undertaken in the course and scope of their employment pursuant to California Government Code §§ 815.2(a) and 820(a).

28.     This cause of action is set forth herein to redress the deprivation, under color of statute, ordinance, regulation, policy, practice, custom, and/or usage, of rights, privileges, and immunities secured to Plaintiff JUAN CARRILLO by the laws of the State of California and the California Constitution.

29.     At approximately 4:00 p.m. on Tuesday, July 8, 2014, Plaintiff JUAN CARRILLO was lawfully on the premises of his residence at 11741 Glenoaks Boulevard when Defendant DETECTIVE GUERRERO #25211, Defendant DETECTIVE BUCKNELL #35961, and Defendant OFFICER MIRANDA #39874, while acting under color of law and in the course and scope of their employment with the Defendant CITY and the Los Angeles Police Department, unjustifiably stopped and detained MR. CARRILLO without having probable cause or reasonable suspicion to believe that MR. CARRILLO had committed any crime, or would commit a crime in the future. When Defendant DETECTIVE GUERRERO #25211, Defendant DETECTIVE BUCKNELL #35961, and Defendant OFFICER MIRANDA #39874 first made contact with JUAN CARRILLO, MR. CARRILLO was  lawfully on the premises of his residence at 11741 Glenoaks Boulevard, had committed no criminal offense, and was not

armed with any kind of weapon.

30.     Without warning, DETECTIVE GUERRERO #25211, DETECTIVE BUCKNELL #35961, and OFFICER MIRANDA #39874 proceeded to unjustifiably assault and batter Plaintiff JUAN CARRILLO by acts which included, but were not limited to, pulling MR. CARRILLO by his arm, slamming MR. CARRILLO down on the ground, placing their knees on MR. CARRILLO'S torso and using their hands to smash MR. CARRILLO'S head into the ground, violently punching MR. CARRILLO in his face and around his head, applying excessive physical force to MR. CARRILLO'S right arm, and kneeing him in the ribs, amongst other acts. Throughout the time in which he was assaulted and battered by DETECTIVE GUERRERO #25211, DETECTIVE BUCKNELL #35961, and OFFICER MIRANDA #39874, JUAN CARRILLO had committed no criminal offense, was not legally detained, was not resisting the involved officers, was not engaged in any actions which would have led a reasonable police officer to believe that he had committed, or was about to commit, any criminal offense, and did not undertake any actions which would have led a reasonable police officer to believe that he posed the risk of violence to any person.

31.     At no time during the course of these events did Plaintiff JUAN CARRILLO pose any reasonable or credible threat of violence to DETECTIVE GUERRERO #25211, DETECTIVE BUCKNELL #35961, and OFFICER MIRANDA #39874, nor did he do anything to justify the force used against him, and the same was excessive, unnecessary, and unlawful. Both prior to and during the time in which he was unlawfully stopped, detained, seized, and brutally assaulted and battered, JUAN CARRILLO was not armed with any kind of weapon, and posed no risk of violence to any police officer, nor to any other individual. Both prior to and during the time in which he was unlawfully stopped, detained, seized, and assaulted and battered, JUAN CARRILLO had committed no criminal offense, was not resisting arrest or obstructing the Defendant Officers in the performance of their duties, and made no aggressive movements, no furtive gestures, and no physical movements which would suggest to a reasonable police

officer that he had the will, or the ability to inflict bodily harm against any individual. Both prior to and during the time in which he was unlawfully stopped, detained, seized, and assaulted and battered, JUAN CARRILLO undertook no actions which would suggest to a reasonable police officer that he had committed, or was about to commit, any criminal offense, nor did he undertake any physical movements which would suggest to a reasonable police officer that he was armed with any kind of weapon, or had the will, or the ability to inflict bodily harm against any individual.

32.    Plaintiff JUAN CARRILLO is informed, believes, and thereupon alleges, that in assaulting and battering him, as described in the foregoing paragraphs of this Complaint, Defendant DETECTIVE GUERRERO #25211, Defendant DETECTIVE BUCKNELL #35961, and Defendant OFFICER MIRANDA #39874 acted outside the scope of their jurisdiction and without authorization of law, and acted willfully, maliciously, knowingly, with reckless disregard and callous indifference to the known consequences of their acts and omissions, and purposefully with the intent to deprive JUAN CARRILLO of his protected rights and privileges, and did in fact violate the aforementioned rights and privileges, thereby warranting punitive and exemplary damages against DETECTIVE GUERRERO #25211, DETECTIVE BUCKNELL #35961, and OFFICER MIRANDA #39874 in an amount to be proven at the trial of this matter.

33.    As a direct and proximate result of the wrongful, intentional, and malicious acts and omissions of Defendant DETECTIVE GUERRERO #25211, Defendant DETECTIVE BUCKNELL #35961, and Defendant OFFICER MIRANDA #39874, Plaintiff JUAN CARRILLO was placed in great fear for his life and physical well being, and has suffered and continues to suffer extreme mental and physical pain, suffering, anguish, fright, nervousness, anxiety, grief, shock, humiliation, indignity, embarrassment, and apprehension, all to his damage in a sum to be determined at trial. As a further direct and proximate result of the wrongful, intentional, and malicious acts and omissions of DETECTIVE GUERRERO #25211, DETECTIVE BUCKNELL #35961, and OFFICER

MIRANDA #39874, JUAN CARRILLO was brutally assaulted and battered on July 8, 2014, and suffered severe injuries which include, but are not limited to, severe facial injuries, a fractured orbital socket, blurry vision, nasal fracture, severe injury to his knee, and severely bruised ribs.  As a further proximate result of  DETECTIVE GUERRERO #25211, DETECTIVE BUCKNELL #35961, and OFFICER MIRANDA #39874'S wrongful, intentional, and malicious acts and omissions, JUAN CARRILLO has been required to employ, and did in fact employ, physicians and surgeons to examine, treat, and care for him, and has incurred and continues to incur expenses for emergent medical services and other medical treatment and care in an amount according to proof at trial.

## FOR THE THIRD CAUSE OF ACTION

### (By Plaintiff JUAN CARRILLO Against All Defendants for Negligence [Cal. Gov't Code §§ 815.2(a), 820(a)])

34.    Plaintiff restates and incorporates by reference the foregoing paragraphs of this Complaint as if set forth in full at this point.

35.    All claims asserted herein against the Defendant CITY are presented pursuant to the Defendant CITY'S vicarious liability for acts and omissions of municipal employees undertaken in the course and scope of their employment pursuant to California Government Code §§ 815.2(a) and 820(a).

36.     At approximately 4:00 p.m. on Tuesday, July 8, 2014, Plaintiff JUAN CARRILLO was lawfully on the premises of his residence at 11741 Glenoaks Boulevard when Defendant DETECTIVE GUERRERO #25211, Defendant DETECTIVE BUCKNELL #35961, and Defendant OFFICER MIRANDA #39874, while acting under color of law and in the course and scope of their employment with the Defendant CITY and the Los Angeles Police Department, negligently assessed the circumstances presented to them and unjustifiably stopped and detained MR. CARRILLO without having probable cause or reasonable suspicion to believe that MR. CARRILLO had committed any crime, or would commit a crime in the future. When Defendant DETECTIVE GUERRERO #25211, Defendant DETECTIVE BUCKNELL #35961, and Defendant OFFICER

MIRANDA #39874 first made contact with JUAN CARRILLO, MR. CARRILLO was lawfully on the premises of his residence at 11741 Glenoaks Boulevard, had committed no criminal offense, and was not armed with any kind of weapon.

37.    Without warning, DETECTIVE GUERRERO #25211, DETECTIVE BUCKNELL #35961, and OFFICER MIRANDA #39874 proceeded to negligently and unjustifiably inflict physical injury upon Plaintiff JUAN CARRILLO by acts which included, but were not limited to, pulling MR. CARRILLO by his arm, slamming MR. CARRILLO down on the ground, placing their knees on MR. CARRILLO'S torso and using their hands to smash MR. CARRILLO'S head into the ground, violently punching MR. CARRILLO in his face and around his head, applying excessive physical force to MR. CARRILLO'S right arm, and kneeing him in the ribs, amongst other acts. Throughout the time in which he was negligently physically injured by DETECTIVE GUERRERO #25211, DETECTIVE BUCKNELL #35961, and OFFICER MIRANDA #39874, JUAN CARRILLO had committed no criminal offense, was not legally detained, was not resisting the involved officers, was not engaged in any actions which would have led a reasonable police officer to believe that he had committed, or was about to commit, any criminal offense, and did not undertake any actions which would have led a reasonable police officer to believe that he posed the risk of violence to any person.

38.    At no time during the course of these events did Plaintiff JUAN CARRILLO pose any reasonable or credible threat of violence to DETECTIVE GUERRERO #25211, DETECTIVE BUCKNELL #35961, and OFFICER MIRANDA #39874, nor did he do anything to justify the force used against him, and the same was excessive, unnecessary, and unlawful. Both prior to and during the time in which he was unlawfully stopped, detained, seized, and negligently physically injured, JUAN CARRILLO was not armed with any kind of weapon, and posed no risk of violence to any police officer, nor to any other individual. Both prior to and during the time in which he was unlawfully stopped, detained, seized, and negligently physically injured, JUAN CARRILLO had committed no

COMPLAINT FOR DAMAGES

criminal offense, was not resisting arrest or obstructing the Defendant Officers in the performance of their duties, and made no aggressive movements, no furtive gestures, and no physical movements which would suggest to a reasonable police officer that he had the will, or the ability to inflict bodily harm against any individual. Both prior to and during the time in which he was unlawfully stopped, detained, seized, and assaulted and battered, JUAN CARRILLO undertook no actions which would suggest to a reasonable police officer that he had committed, or was about to commit, any criminal offense, nor did he undertake any physical movements which would suggest to a reasonable police officer that he was armed with any kind of weapon, or had the will, or the ability to inflict bodily harm against any individual.

39.   Plaintiff JUAN CARRILLO is informed and believes, and thereupon alleges, that on and before July 8, 2014, Defendant DETECTIVE GUERRERO #25211, Defendant DETECTIVE BUCKNELL #35961, and Defendant OFFICER MIRANDA #39874 had a duty to exercise the reasonable and ordinary care which would be expected of similarly situated peace officers in the use of physical force, and had a duty to exercise the reasonable and ordinary care which would be expected of similarly situated peace officers in the execution of police tactics and police procedures in approaching and/or attempting to detain unarmed, non-dangerous civilians. Notwithstanding each of these duties, DETECTIVE GUERRERO #25211, DETECTIVE BUCKNELL #35961, and OFFICER MIRANDA #39874 failed to exercise reasonable and ordinary care in committing the acts alleged herein, by actions and inactions which include, but are not limited to, negligently stopping and detaining JUAN CARRILLO without having probable cause or reasonable suspicion to believe that JUAN CARRILLO had committed a crime, or would commit a crime in the future, negligently failing to determine the fact that JUAN CARRILLO posed no threat of physical harm to any person prior to and during the course of the events alleged herein, negligently inflicting physical injury upon JUAN CARRILLO, as described herein, and negligently employing physical force against JUAN CARRILLO when the same was

unnecessary and unlawful. All of these negligent acts proximately caused JUAN CARRILLO'S injuries, which include, but are not limited to, severe facial injuries, a fractured orbital socket, blurry vision, nasal fracture, severe injury to his knee, and severely bruised ribs.

40.     As a direct and proximate result of the negligent acts and omissions of Defendant DETECTIVE GUERRERO #25211, Defendant DETECTIVE BUCKNELL #35961, and Defendant OFFICER MIRANDA #39874, Plaintiff JUAN CARRILLO suffered severe and injuries which include, but are not limited to, severe facial injuries, a fractured orbital socket, blurry vision, nasal fracture, severe injury to his knee, and severely bruised ribs.

41.     As a direct and proximate result of the negligent acts and omissions of DETECTIVE GUERRERO #25211, Defendant DETECTIVE BUCKNELL #35961, and Defendant OFFICER MIRANDA #39874, Plaintiff JUAN CARRILLO was placed in great fear for his life and physical well being. Moreover, due to the wrongful and negligent acts of DETECTIVE GUERRERO #25211, Defendant DETECTIVE BUCKNELL #35961, and Defendant OFFICER MIRANDA #39874, JUAN CARRILLO has suffered, and continues to suffer, extreme pain and severe mental anguish, as well as mental and physical damage to his mind and body.

42.     As a further proximate result of the negligent acts and omissions of Defendant DETECTIVE GUERRERO #25211, Defendant DETECTIVE BUCKNELL #35961, and Defendant OFFICER MIRANDA #39874, Plaintiff JUAN CARRILLO has been required to employ, and did in fact employ, physicians to examine, treat, and care for him, and has incurred and continues to incur expenses for emergent medical services and medical treatment in an amount according to proof at trial.

**WHEREFORE**, Plaintiff prays for judgment against Defendants as follows:

1.      For general damages in an amount according to proof at trial;

2.      For medical and related expenses according to proof at trial;

3.      For costs of suit incurred herein;

4.      For attorneys' fees incurred herein, as provided by law;

5.      For punitive damages against the individual Defendants in their individual capacities in an amount according to proof at trial; and

6.      For such other and further relief as the Court deems just and proper.

## <u>JURY DEMAND</u>

Plaintiff JUAN CARRILLO hereby demands that a jury be empaneled for the trial of this matter.


DATED: August 4, 2015          Respectfully submitted,

                           **THE COCHRAN FIRM CALIFORNIA**


                           By: /s/ Brian T. Dunn
                               BRIAN T. DUNN
                               MEGAN R. GYONGYOS
                               Attorneys for Plaintiff
                               JUAN CARRILLO